IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Civil No. 09-C-7949
Judge Harry D. Leinenweber

RICHARD RYAN DEMPSEY and
EILEEN M. DEMPSEY,
Appellants

v.

GEORGE J. MCCARTHY,
Appellee,

On Appeal from the United States Bankruptcy Court
for the Northern District of Illinois
Eastern Division

In re: Richard and Eileen Dempsey
Bankruptcy No. 08 B 33951
Adversary No. 09 A 489
The Honorable Judge Jacqueline P. Cox

## BRIEF OF THE APPELLANTS
## GEORGE R. DEMPSEY and EILEEN M. DEMPSEY

Forrest L. Ingram
Michael V. Ohlman
FORREST L. INGRAM P.C.
79 West Monroe Street
Suite 900
Chicago, Illinois 60603
Phone: (312)759-2838
Fax:    (312)759-0298

## TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................... ii

STATEMENT OF JURISDICTION ................................................................... 1

STATEMENT OF ISSUES PRESENTED ............................................................. 1

STANDARD OF REVIEW ................................................................................ 2

STATEMENT OF THE CASE ........................................................................... 3

STATEMENT OF FACTS ............................................................................... 4

ARGUMENT ................................................................................................ 6

    I.     THE COURT ERRED IN NOT DISMISSING COUNT II BECAUSE MCCARTHY IS NOT A PLAN ESTABLISHED UNDER SECTION 401, 403, 408, 408A, 414, 457 OR 501(C) AND THEREFORE HE MAY NOT CHALLENGE THE DISCHARGEABILITY OF A DEBT PURSUANT TO § <u>523(A)(18)</u> ............................................................................... 9

    II.    EVEN IF MCCARTHY QUALIFIES AS A PLAN UNDER SECTION 523(A)(18), THE COURT ERRED IN NOT GRANTING THE DEBTORS' MOTION TO DISMISS BECAUSE THE LOANS DO NOT CONFORM TO <u>THE STATUTORY GUIDELINES IN THE INTERNAL REVENUE CODE</u> .. 11

    a.    *26 U.S.C. § 408(b)(1)* ............................................................. 12

    b.    *26 U.S.C. § 72(p)* ................................................................. 12

CONCLUSION .......................................................................................... 13

APPENDIX

## TABLE OF AUTHORITIES

**CASES**                                                                                 **Page(s)**

*Anderson v. City of Bessemer City, N.C.,* 105 S. Ct. 1504, 1511; 470 U.S. 564 (1985)
(quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395; 92 L. Ed. 746
(1948))............................................................................................................................ 2

*Berkson v. Gulevsky,* 362 F.3d 961; 51 Collier Bankr. Cas. 2d (MB) 1327
(7th Cir. 2004)............................................................................................................ 7

*In re Central Ice Cream Co.,* 114 B.R. 956, 961; 1989 U.S. Dist. LEXIS 11110
(N.D. Ill. 1989)........................................................................................................... 2

*Eisen v. Thompson,* 370 B.R. 762; Bankr. L. Rep. (CCH) P80,997 (N.D. Ohio 2007).............. 7

*Employees' Retirement Sys. v. Villarie,* 648 F.2d 810; 4 Collier Bankr. Cas. 2d (MB) 494
(2d Cir. 1981).......................................................................................................... 10

*Lamie v. United States Trustee,* 540 U.S. 526, 534; 124 S. Ct. 1023 (2004). ...................... 9

*Local Loan Co v. Hunt,* 292 U.S. 234, 244; 54 S. Ct. 695 (1934).................................. 6

*Magill v. Newman,* 903 F.2d 1150; 20 Bankr. Ct. Dec. 1026 (7th Cir. 1990)......................... 3

*Miller v. Conte,* 203 B.R. 124, 126; 37 Collier Bankr. Cas. 2d (MB) 968
(N.D. Ind. 1996) ........................................................................................................ 2

*McClintok-Trunkey Co. v. Commissioner of Internal Revenue,* 217 F.2d 329, 331;
55-1 U.S. Tax Cas. (CCH) P9110 (9th Cir. 1954)...................................................... 10

*United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242;
109 S. Ct. 1026 (1989)................................................................................................ 9


**STATUTES**

5 U.S.C. § 8433(g)........................................................................... 1, 2, 8, 11

11 U.S.C. § 523 .......................................................................................... 1, 4

11 U.S.C. § 523(a)(18)................................................ 1, 2, 3, 4, 5, 6, 8, 9, 11, 12, 13

11 U.S.C. § 727............................................................................................ 3, 4, 6

26 U.S.C. § 72(p)....................................................................... 1, 2, 8, 11, 12, 13

26 U.S.C. § 401..................................................................................... 9, 10, 11, 13

26 U.S.C. § 401(a) ............................................................................... 9, 10, 13

26 U.S.C. § 403..................................................................................... 9, 13

26 U.S.C. § 408 .................................................................................... 9, 13

26 U.S.C. § 408A .................................................................................9, 13

26 U.S.C. § 408(b)(1)........................................................... 1, 2, 8, 11, 12, 13

26 U.S.C. § 408(e)(4)........................................................................12

26 U.S.C. § 414 .................................................................................. 9, 10, 13

26 U.S.C. §  457.................................................................................9, 13

26 U.S.C. § 501(c) ............................................................................... 9, 13

28 U.S.C. § 157(a) ..............................................................................1

28 U.S.C. § 157 (b) ..............................................................................1

28 U.S.C. § 158(a)(3)...........................................................................1

28 U.S.C. § 1334(a)..............................................................................1

## RULES AND ORDERS

Fed. R. Civ. Pro. 12(b) ..........................................................................1

Fed. R. Bankr. P. 1011...........................................................................1

Fed. R. Bankr. P. 8001(b) .......................................................................1

Fed. R. Bankr. P. 8013...........................................................................2

## OTHER AUTHORITIES

Pub. L. 105-34, sec. 302(f) ..................................................................... 9

I.R.C. Reg. § 1.72(p)-1). .......................................................................12

## STATEMENT OF JURISDICTION

The bankruptcy court had jurisdiction over the debtor's chapter 7 bankruptcy case pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(a). The adversary filed by the Appellee is a core proceeding as defined in 28 U.S.C. §157(b). The Debtors filed a Motion to Dismiss Count II of the Adversary pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Fed. R. Bankr. P. 1011. The bankruptcy court denied the Debtors' Motion to Dismiss Count II of the adversary by an order entered on November 18, 2009. The Debtors timely appealed that order under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001(b). This Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(3).

## STATEMENT OF ISSUES PRESENTED

1.      Whether an individual judgment creditor in a chapter 7 bankruptcy, who is not a plan as established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, has standing to challenge the dischargeability of a state court judgment because the individual judgment creditor liquidated a portion of his profit-sharing plan and then invested the proceeds in a commodities account managed by the debtor.

2.      In the alternative, if the individual judgment creditor is found to have standing to sue under 11 U.S.C. § 523(a)(18), whether any alleged loans made by his pension fund to another entity can qualify as a loan under 26 U.S.C. § 72(p), 26 U.S.C. § 408(b)(1) or 5 U.S.C. §8433(g).

1

## STANDARD OF REVIEW

In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the court of appeals reviews a district court proceeding.  In an appeal taken from a bankruptcy court order, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews *de novo* the bankruptcy court's conclusions of law.  *In re Central Ice Cream Co.*, 114 B.R. 956, 961; 1989 U.S. Dist. LEXIS 11110 (N.D. Ill. 1989).  *De novo* review of legal questions requires this Court to review questions of law independent of the bankruptcy court's determination of the law.  The issue concerning whether the motion to dismiss Count II, brought under 28 U.S.C. § 523(a)(18), is an issue of law, and therefore is subject to *de novo* review.

If alternatively, the bankruptcy court's decision rested upon a mixed question of law and its application to facts, the standard is the clearly erroneous standard. *Magill v. Newman*, 903 F.2d 1150; 20 Bankr. Ct. Dec. 1026 (7th Cir. 1990).  The "clearly erroneous" language of the rule tracks the language found in Fed. R. Civ. P. 52(a)." *Miller v. Conte*, 203 B.R. 124, 126; 37 Collier Bankr. Cas. 2d (MB) 968 (N.D. Ind. 1996).  "The U.S. Supreme Court reaffirmed its longstanding definition of this standard: '[A] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 105 S. Ct. 1504, 1511; 470 U.S. 564 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395;  92 L. Ed. 746 (1948)).

On appeal, the district court may affirm, modify or reverse a bankruptcy judge's order or decree or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013.

## STATEMENT OF THE CASE

On December 11, 2008, the Debtors filed a joint petition for bankruptcy relief under chapter 7 of the Bankruptcy Code.  On June 17, 2009, George McCarthy filed a two-count adversary proceeding challenging any potential discharge pursuant to 11 U.S.C. § 727 and the dischargeability of a certain debt pursuant to 11 U.S.C. § 523(a)(18).  (B. Dkt. 31, Adv. Dkt. 1).[1] The Debtors filed their Answer and Affirmative Defenses to Count I and a Motion to Dismiss Count II of the Adversary Complaint.  (Adv. Dkt. 4)

Count II of McCarthy's Adversary Complaint, relying on 11 U.S.C. § 523(a)(18), challenges the dischargeability of a judgment entered in a state court proceedings from Du Page County, Illinois, No. 00-L-933.   The Debtors moved to dismiss Count II of the adversary because the count does not provide a cause of action upon which relief can be granted.

The Debtors claim that any purported loans between McCarthy and Dempsey do not qualify for treatment under § 523(a)(18).  Using the plain language of the statue, the Debtors argue that to challenge the dischargeability of a debt, the movant must be a pension plan as set forth in the statute and may only challenge the type of loan defined in the statute. The Debtors argue that any debt McCarthy possesses is an unsecured, unliquidated, and disputed debt that was discharged with all their other debts on September 16, 2009.

On November 18, 2009, the bankruptcy court entered an order denying the Debtors motion to dismiss Count II of the complaint. The Court concluded that the facts were not clear enough to dismiss the complaint. (See, Transcript of Proceedings, November 18, 2009, page 11, lines 8-11 attached hereto as an Exhibit in Appendix B). The Debtors then filed a timely appeal. (App. Dkt. 1, Adv. Dkt. 23).

---

[1] Since there are three dockets, the Appellate Docket is labeled as "App. Dkt." the Bankruptcy Docket is labeled "B. Dkt. and the Adversary Docket is labeled Adv. Dkt." for convenience.

## STATEMENT OF FACTS

On December 11, 2008, the Debtors filed for chapter 7 bankruptcy protection.  George McCarthy then filed his Adversary to challenge the dischargeability of certain debts pursuant to 11 U.S.C. § 523 and the dischargeability of all debts pursuant to 11 U.S.C. § 727 on June 17, 2009.  On August 31, 2009, the Chapter 7 Trustee filed a "no asset report."  (B. Dkt. 32) The Debtors were discharged of all their dischageable debt on September 21, 2009. (B. Dkt. 39)

Appellants Richard R. and Eileen M. Dempsey are married individuals.  Previously, Richard Dempsey (hereinafter, "Dempsey") was a successful commodities trader on the Chicago Mercantile Exchange. (See, Appendix, Exhibit C, Transcript of 2004 examination p. 8-9)  In order to facilitate these trades, he formed two companies, Chillicothe Construction Company (hereinafter, "Chillicothe") and Demhoff Corporation.  Dempsey was a 55% owner and the sole director of Chilicothe Construction Company and 100% owner and sole director of Demhoff Corporation. (*Id.* at 8)  McCarthy is an individual and is Mrs. Dempsey's sibling.  McCarthy lives in Greenville, South Carolina. (See, Complaint, Adv. Dkt. #1 at para. 3).

McCarthy's challenge to dischargeability stems from a debt owed by Chillicothe Construction and Dempsey to McCarthy individually, pursuant to a judgment entered in the Circuit Court of the Eighteenth Judicial Circuit, County of Du Page.  This action was titled, "George J. McCarthy v. Chillicothe Construction Co., Inc., and Richard Dempsey, 00 L 933". (See, Exhibit D to Appendix, Order dated January 11, 2008).

McCarthy based *McCarthy v. Chillicothe et. al.* on earlier financial transactions between Dempsey and McCarthy.  McCarthy was a successful doctor and Dempsey was a successful commodities trader on the Chicago Mercantile. (Appendix, Exhibit C, page 8,para. 6).  Since Dempsey was McCarthy's brother-in-law, McCarthy spoke to Dempsey about investing a

4

portion of the money he set aside for retirement in the commodities market. After this discussion in the late 1980s, McCarthy withdrew money from his pension fund at Huntfort Profit Sharing Plan, n/k/a Khalsa Profit Sharing Plan (hereinafter, "Khalsa") and transferred a portion of the proceeds to Chillicothe Construction Company. (See, Appendix, Exhibit C, page 58, line 8-9).[2] It is alleged that on six occurrences between August 1990 and May 1992, McCarthy withdrew a total of $900,000 from his pension funds and tendered them to Chillicothe for Dempsey to invest in commodities. After a period of time, Chillicothe failed to reimburse McCarthy, pursuant to alleged loan documents.[3] In his Third Verified Complaint, McCarthy claimed that a balance of $3,177,334.47 in principal and interest was due and owing.

A trial was scheduled for January 11, 2008 on the sixteen-count complaint. However, rather than a trial, the parties entered into an "agreed judgment". (See, Exhibit D to Appendix, Order dated January 11, 2008). The judgment found in favor of the Plaintiff, George J. McCarthy and against the Defendant, Chillicothe Construction Company Inc. in the amount of $2,500,000 on Counts I-VI (breach of contract) and against Richard Dempsey on Count VII (piercing the corporate veil). (*Id.*) The face of the order does not provide the reasons behind the judgment other than to list the counts against each of the Defendants. However, it is clear that the judgment against Dempsey was entered without the filing of a separate suit to pierce the corporate veil and without the presentment of evidence. The judgment was entered less than one year before the bankruptcy filing. (*Id.*)

---

[2] There is disagreement as to whether those funds were traded, but the disagreement is inapplicable to challenging the dischargeability of debts pursuant to § 523(a)(18).

[3] Dempsey does not waive any claims or objections he has regarding the alleged loan documents. Dempsey has also filed their Affirmative Defenses which include fraud. We ask that this Court take judicial notice of the Affirmative Defenses under Adv. Dkt. 7-10 and attached in the Appendix as Exhibit E.

On December 11, 2008, the Debtors filed their chapter 7 case. (See, B. Dkt. 1) On June 17, 2009, George McCarthy filed a two-count adversary proceeding challenging any potential discharge pursuant to 11 U.S.C. § 727 and the dischargeability of a certain debt pursuant to 11 U.S.C. § 523(a)(18). (B. Dkt. 31, Adv. Dkt. 1). The Debtors filed their Answer and Affirmative Defenses to Count I and a Motion to Dismiss Count II of the Adversary Complaint. (Adv. Dkt. 4).

Count II of McCarthy's Adversary Complaint relies without justification or legal basis on 11 U.S.C. § 523(a)(18) to challenge the dischargeability of a judgment entered in the state court proceedings. The Debtors moved to dismiss Count II because the count does not provide a cause upon which relief can be granted. More specifically, McCarthy failed to claim that: 1) he is a pension plan; 2) Dempsey received a loan directly from McCarthy's pension plan; or 3) the state court judgment may be enforced as a loan to Dempsey from McCarthy's pension fund. The Debtors argue that any claim McCarthy had was an unsecured, unliquidated, and disputed debt that was discharged on September 16, 2009. (Adv. Dkt. 11)

After a briefing schedule and hearing, the bankruptcy court entered an order denying the Debtors motion to dismiss count II of the complaint. The Court concluded that the facts were not clear enough to dismiss the complaint. (See, Exhibit B, page 11, line 8-11). The Debtors then filed a timely appeal. (See, Appendix Exhibit F, Notice of Appeal, App. Dkt. 1)

## ARGUMENT

Bankruptcy's main purpose is to provide debtors with a "fresh start". "[I]t gives to the honest but unfortunate debtor…a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Local Loan Co v. Hunt,*

292 U.S. 234, 244; 54 S. Ct. 695 (1934) (citations omitted).    However, Congress provided exceptions to the dischargeability of specific debts to protect certain creditors against bad faith debtors.    Once a classification of debt is listed as an exception, Courts must construe the exception narrowly, so as to conform to the purpose of the Bankruptcy Code.   *Berkson v. Gulevsky*, 362 F.3d 961; 51 Collier Bankr. Cas. 2d (MB) 1327 (7th Cir. 2004).

Some of these exceptions, such as loans from a qualifying pension fund, transform and are no longer considered debts at all. *Eisen v. Thompson*, 370 B.R. 762; Bankr. L. Rep. (CCH) P80,997 (N.D. Ohio 2007).  This is because a loan from an individual's own pension plan is generally a loan to one's self.  "The retirement plan administrator does not loan the plan participant the administrator's money.  It simply deducts the requested loan amount from the participant's own account."  *Id.*, at 768, n. 10.  Therefore, because a debtor may not also be a creditor, it would stand to reason that a debt to one's own retirement account would survive through bankruptcy.  In the event the debtor defaults on the loan, the participant treats the dispursement as income and is subject to penalties.  "But the plan administrator has no right to payment under the Bankruptcy Code."  *Id.*

The adversary complaint filed by McCarthy alleges that one of these exceptions applies. Specifically, McCarthy cites to § 523(a)(18).  He claims that because the funds Chillicothe Construction Co., Inc. received from McCarthy were originally funds that McCarthy withdrew from his pension fund, it was a loan from McCarthy's pension.  However, as alleged, McCarthy does not set forth a cause of action for nondischargeability under § 523(a)(18).

This is exceedingly clear after a plain reading of the statute.  Section 523(a)(18) of the Bankruptcy Code states,

> (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

7

> (18) owed to a pension, profit-sharing, stock bonus, or other plan established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, under—
>
>> (A) a loan permitted under section 408(b)(1) of the Employee Retirement Income Security Act of 1974, or subject to section 72(p) of the Internal Revenue Code of 1986; or
>>
>> (B) a loan from a thrift savings plan permitted under subchapter III of chapter 84 of title 5, that satisfies the requirements of section 8433(g) of such title;" (2009).

When one reads the statute it becomes apparent that in order for a claim of nondischargeability to be successful pursuant to § 523(a)(18), the challenging party must prove that he is a defined plan and that the loan was permitted under one of the two Internal Revenue Code provisions, or the loan was from a governmental thrift savings plan. McCarthy never alleged – and clearly could not – that he is a pension plan or a governmental entity so it would be inconceivable to believe that he may challenge Dempsey's discharge using § 523(a)(18). However, he has done just that. It could not be more clear: McCarthy is not a qualifying plan and the loan was not pursuant to any Internal Revenue Code provisions. Instead, McCarthy is an individual and the purported loans were based on a promissory note.

Section 523(a)(18) of the Bankruptcy Code does not apply to the facts and circumstances set forth by the Plaintiff. The Plaintiff cannot allege the facts necessary for relief to be granted. In fact, all that McCarthy alleges is that a judgment was entered in state court and that it should be nondischargeable pursuant to §523(a)(18). Therefore, the court erred when it refrained from dismissing Count II of the adversary complaint.

8

I.     THE COURT ERRED IN NOT DISMISSING COUNT II BECAUSE MCCARTHY IS NOT A PLAN ESTABLISHED UNDER SECTION 401, 403, 408, 408A, 414, 457 OR 501(C) AND THEREFORE HE MAY NOT CHALLENGE THE DISCHARGEABILITY OF A DEBT PURSUANT TO § 523(A)(18)

McCarthy is an individual and is not a pension, profit-sharing, stock bonus, or any other plan for that matter. Therefore, it is impossible for McCarthy to prove the first requirement necessary to challenge the dischargeability of the judgment debt pursuant to § 523(a)(18). Because it is impossible for McCarthy to qualify as a plan established by the Internal Revenue Code, the bankruptcy court erred in denying Dempsey's motion to dismiss count II of McCarthy's adversary complaint.

When the language of a statute is plain on its face, "the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534; 124 S. Ct. 1023 (2004). Therefore, the plain language of the statute controls, unless a literal reading of it would make the meaning contrary to the intentions of the drafters. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242; 109 S. Ct. 1026 (1989).

Section 523(a)(18) exempts from discharge certain loan debts owed to specific "*pension, profit-sharing stock bonus, or other plan(s)* established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986" (hereinafter, "Qualifying Plan"). In each Qualifying Plan, specific guidelines must be met.[4] Fortunately, the guidelines which govern the distribution of funds in each of the above plans are in all ways similar to those set forth in § 401.[5]

---

[4] McCarthy claims his pension was through an employee plan. Therefore, it is unnecessary to discuss plans under 26 U.S.C. §§ 403, 457 or 501(c). Further, there is no reason to discuss 26 U.S.C. § 408A because McCarthy claims that his pension plan was organized before 1997 and "Roth IRAs" were only made available after December 31, 1998. Pub. L. 105-34, sec. 302(f)

[5] § 408, individual retirement account means a trust created or organized in the United States for

9

Section 401 of the Internal Revenue Code states that in order for an account to qualify as a pension, profit-sharing or stock bonus plan, a trust, for the exclusive benefit of the employee or their beneficiaries, must be created with contributions made to the trust by the employer and/or the employee. The corpus and income of the fund accumulated are then distributed by the trust to the employer or beneficiary. 26 U.S.C. § 401(a). The overriding reason for drafting § 401 "was to insure that profit-sharing plans were operated for the welfare of the employees ... and to make it impossible for any part of corpus or income to be used for purposes other than exclusive benefit of employees" *McClintok-Trunkey Co. v. Commissioner of Internal Revenue*, 217 F.2d 329, 331; 55-1 U.S. Tax Cas. (CCH) P9110 (9th Cir. 1954). Therefore, in order to accept a loan of the corpus or income of the trust, one would necessarily need to be a participant that is entitled to the proceeds of the trust.

McCarthy, an individual, is the "sole owner" of the shares in the Qualifying Plan. He is not the plan itself. (See, Adv. Dkt 1, Complaint ¶ 72). Therefore, any attempt to recover funds must be alleged by the actual profit-sharing plan, not by an owner of an interest in the plan. (See, *Employees' Retirement Sys. v. Villarie*, 648 F.2d 810; 4 Collier Bankr. Cas. 2d (MB) 494 (2d Cir. 1981). Even still, neither Chillicothe Construction nor Dempsey was ever an employee of McCarthy entitled to proceeds from a Khalsa profit-sharing or pension plan and Dempsey never added money to the corpus of the Khalsa pension fund. In fact, "George McCarthy was the sole owner of the Khalsa Corporation Profit Sharing Plan." (*Id.*). Therefore, pursuant to § 401(a), Chillicothe and Dempsey did not have any right to borrow money from any Qualified Plan at Khalsa.

---

the exclusive benefit of an individual or his beneficiaries; § 414 defines an employee's trust as that which is described in § 401.

The adversary complaint alleges that the Khalsa profit-sharing plan loaned Chillicothe and Dempsey over $900,000. (Adv. Dkt. #1)  This is a clear misstatement.  Under no facts or circumstances can the proceeds from McCarthy's Khalsa Qualified Plan be loaned to Chillicothe or Dempsey, both non-participants, without violating § 401 of the Internal Revenue Code and invalidating the Qualified Plan itself.  The facts are clear: McCarthy borrowed the money from his own Qualified Plan and then tendered the proceeds to Chillicothe so that Dempsey could invest them in the commodities market. This transaction is the only explanation without destroying the other benefits of McCarthy's § 401 trust.  Thus, § 523(a)(18) cannot apply and the bankruptcy court erred in denying the Debtors' motion to dismiss Count II.

II.     EVEN IF MCCARTHY QUALIFIES AS A PLAN UNDER SECTION 523(A)(18), THE COURT ERRED IN NOT GRANTING THE DEBTORS' MOTION TO DISMISS BECAUSE THE LOANS DO NOT CONFORM TO THE STATUTORY GUIDELINES IN THE INTERNAL REVENUE CODE

Even if, arguendo, McCarthy has standing to challenge dischargeability because he was the sole shareholder of the trust, the bankruptcy court still erred in denying the Debtors' motion to dismiss Count II because the loans do not conform to the other statutory guidelines of 11 U.S.C. § 523(a)(18).

Section 523(a)(18) states that any loan secured by the debtor must be of the nature "permitted under section 408(b)(1) of the Employee Retirement Income Security Act of 1974, or subject to section 72(p) of the Internal Revenue Code of 1986, or (B) a loan from a thrift savings plan permitted under subchapter III of chapter 84 of title 5, that satisfies the requirements of section 8433(g) of such title." 11 U.S.C. § 523(A)(18). [6]     Thus, the plain language of section 523(a)(18) only allows for debts from specified loans to be nondischargeable.

---

[6] The provisions in 5 U.S.C. § 8433(g) are exclusively for governmental units, since McCarthy claimed that Khalsa is a private pension fund, there is no reason to discuss this provision.

a. *26 U.S.C. § 408(b)(1)*

Loans that the legislature exempted from discharge include loans from a person's individual retirement account pursuant to 26 U.S.C. § 408(b)(1). The most important aspect of these types of annuity is that the benefits are "not transferable by the owner." *Id.* The proceeds may only be used by the beneficiary of the trust. A third party may not borrow against the proceeds of the trust. Therefore, McCarthy may not claim that Chillicothe borrowed directly from McCarthy's plan pursuant to 26 U.S.C. § 408(b)(1).

Section 408 also states that if "during any taxable year of the individual for whose benefit an individual retirement account is established, that individual uses the account or any portion thereof as security for a loan, the portion so used is treated as distributed to that individual." 26 U.S.C. § 408(e)(4).   The language prohibits McCarthy from transferring the benefits of the Qualified Plan to any other person or entity. Chillicothe or Dempsey could not have accepted a loan directly from McCarthy's Qualified Plan because the statute expressly forbids such a transfer. Only McCarthy, the individual for whose benefit the account is established, can use the corpus and profits from the trust as security for a loan. Therefore, under no set of facts or circumstances does McCarthy's claim qualify for treatment as a loan pursuant to 26 U.S.C. § 408(b)(1).

b. *26 U.S.C. § 72(p)*

The second type of loan that the legislature made available for the §523(a)(18) exception is found at 26 U.S.C. § 72(p). These loans are from annuities, certain proceeds of endowments and life insurance contracts. Most striking is that they are restricted by the amount of money one can "borrow" from them.   Pursuant to Section 72(p), the only loans that apply are for distributions "to the extent that such loan ... does not exceed ... (i) $50,000." *Id.* (See, I.R.C.

12

Reg. § 1.72(p)-1). Therefore, any loan above $50,000 becomes a distribution from the plan and is not considered a loan at all. *Id.*

McCarthy's complaint fails to conform to the guidelines set forth in Section 72(p) as well. While the statute makes it clear that a plan participant may receive a loan of $50,000, Count II of the adversary seeks reimbursement from over $2,500,000 in loans. This amount represents a default on six different promissory notes equal to $900,000 in principal. Clearly, under no set of circumstances can § 72(p) apply because the principal amount owed on the debts is over the statutory amount of $50,000. Therefore, McCarthy's claim of nondischargeability under 11 U.S.C. §523(a)(8) must surely fail.

Even if, arguendo, McCarthy is somehow considered to be a plan pursuant to the relevant statutes, McCarthy's claim still fails as a matter of law. The guidelines set forth in the Internal Revenue Code for the specific loan agreements that qualify as exceptions to dischargeability do not apply in this instance. McCarthy's alleged loans fail because Chillicothe is not a plan participant and also because the principal of the loans is over the maximum of $50,000. Due to these facts, it is clear; the bankruptcy court erred in denying the Debtors' motion to dismiss Count II.

## CONCLUSION

Section 523(a)(18) of the Bankruptcy Code does not apply to the facts and circumstances set forth in McCarthy's complaint. McCarthy is not a plan established under Section 401, 403, 408, 408A, 414, 457 or 501(c) so he does not have standing to challenge the discharge and even if he did have standing the loans do not conform with 26 U.S.C. §§ 408(b)(1) or 72(p). Therefore, for the foregoing reasons, the Debtors, Richard Dempsey and Eileen Dempsey respectfully request that this Honorable Court  reverse the bankruptcy court's order of November

18, 2009, dismiss Count II of the adversary complaint with prejudice, grant the Debtors their fees and costs for defending the baseless claims made by McCarthy and grant the Debtor any further relief deemed just and appropriate.

Respectfully submitted,

RICHARD AND EILEEN DEMPSEY

By:   /s/ Michael V. Ohlman
      One of their attorneys

Forrest L. Ingram
Michael V. Ohlman
FORREST L. INGRAM P.C.
79 West Monroe Street
Suite 900
Chicago, Illinois 60603
Phone: (312)759-2838
Fax:    (312)759-0298

14

## CERTIFICATE OF SERVICE

I, Michael V. Ohlman, an attorney, certify that on January 11, 2009, a copy of the foregoing "Brief of the Appellants" was filed electronically. Notice of this filing will be sent by the operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Michael V. Ohlman

## SERVICE LIST

**By First Class Mail**

Richard and Eileen Dempsey

**By ECF Notice:**

George J McCarthy
Thomas R. Stilp
MESSER & STILP, LTD.
166 West Washington, Suite 300
Chicago, IL 60602
stilp@messerstilp.com

15