IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EILEEN M. DEMPSEY and RICHARD
R. DEMPSEY,

                Appellants,

      v.

GEORGE J. MCCARTHY,

                Appellee.

Case No. 09 C 7949

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is an Appeal from the Bankruptcy Court. Appellants ask this Court to overturn the Bankruptcy Court's denial of their motion to dismiss. The appeal is dismissed as this Court declines to exercise jurisdiction over the interlocutory appeal.

## I.  BACKGROUND

Appellants Richard Dempsey and Eileen Dempsey (hereinafter, the "Dempseys") filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on December 11, 2008. Appellee George McCarthy (hereinafter, "McCarthy") filed an adversary proceeding on June 17, 2009, challenging the potential discharge of debt in the Dempseys' bankruptcy proceeding on two different grounds. The Dempseys responded with a Motion to Dismiss Count II of McCarthy's claim. Count II claims that some debt owed by the Dempseys cannot be discharged in bankruptcy under 11 U.S.C. § 523(a)(18). This

provision exempts loans from discharge if they are from a particular type of pension plan and are a particular type of loan. The loan must originate from a pension or a savings plan organized under 26 U.S.C. § 401, 403, 408, 408A, 414, 457 or 501©.  The loan type must also be a loan permitted under Section 408(b)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), or a loan subject to 26 U.S.C. § 72(p), or a loan from a thrift savings plan permitted under 5 U.S.C. §§ 8431, *et seq.* that satisfies the requirements of 5 U.S.C. § 8433(g).  The Dempseys argue that Count II should be dismissed because McCarthy is not himself a pension plan under any of those sections, and because the loan type did not conform to any of the required options.

Judge Susan E. Cox of the Bankruptcy Court held a hearing on this motion on November 18, 2009.  After discussing the facts of the case with the parties, Judge Cox denied the motion to dismiss, finding that even after this discussion the facts were not clear enough to grant the motion.  The Dempseys appealed to this Court. For the record, McCarthy did not file a response to this appeal.

## II.  <u>LEGAL STANDARDS</u>

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees; . . . and . . . with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases."  28 U.S.C. § 158(a).

### III.  **DISCUSSION**

Appellants have characterized this appeal as under the jurisdiction of 28 U.S.C. § 158(a)(3), which authorizes interlocutory appeals with leave of the court.  This is the correct approach as "denials of motions to dismiss are generally not final orders, even in the bankruptcy context." *In re Jartran, Inc.*, 886 F.2d 859, 864 (7th Cir., 1989).  The distinction between appeals from final orders and interlocutory orders is important, as interlocutory appeals are granted at the discretion of the district court and are not a right of the appellant. *See In re Huff*, 61 B.R. 678, 682 (N.D.Ill., 1986).

"An appeal from an interlocutory judgment . . . shall be taken by filing a notice of appeal . . . accompanied by a motion for leave to appeal prepared in accordance with Rule 8003." FED. R. BANKR. P. 8001(b).  Appellants filed a notice of appeal within fourteen days of the entry of the judgment on the motion to dismiss, as required. FED. R. BANKR. P. 8002.  However, Appellants did not file a motion for leave to appeal in accordance with Rule 8003.  This failure is not fatal to the appeal, as a district court in this situation may grant leave to appeal, direct that a motion for leave to appeal be filed, or deny leave to appeal while considering the notice of appeal as a motion for leave to appeal. FED. R. BANKR. P. 8003©; *see Huff*, 61 B.R. at 683.  To get to the

heart of the matter, this Court will view the Appellant's brief as a motion for leave to appeal.

While § 158(a)(3) grants this Court discretion in choosing whether to permit an interlocutory appeal, it does not provide a framework to guide the exercise of this discretion. *See Huff*, 61 B.R. at 683. A reasonable approach used by courts in this district is to import the three part test of 28 U.S.C. § 1292(b), which is the framework that guides the circuit court of appeals in exercising its discretion over interlocutory appeals from district courts. *E.g.*, *In re Automotive Professionals, Inc.*, 379 B.R. 746, 751 (N.D.Ill., 2007); *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D.Ill., 1997); *Huff*, 61 B.R. at 682. Under this test, "an appeal is allowable when it (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may speed up the litigation." *Automotive Professionals*, 379 B.R. at 751; *see* 28 U.S.C. § 1292(b).

A review of the record in this case demonstrates that the first element of this test is not satisfied, so no inquiry into the second or third element is necessary. Appellants presented two issues for this appeal: (1) whether Appellee has standing to sue when he is not himself a pension or savings plan and (2) whether the loans qualify as one of the covered types. Neither issue presented was decided based on a controlling question of law. The

focus of the hearing was the sufficiency of Count II in light of the factual situation.  Judge Cox questioned the parties to discern the nature of Appellee's pension plan, the role of the plan's management company, any interest Appellants had in the plan or its profits, the way the loan was structured, the effect of a state ruling that pierced the veil of Richard Dempsey's company, and what rights Appellants had to borrow money from the plan.

These questions indicate that Judge Cox was developing the factual record in an effort to see if Appellee had sufficiently pled a cause of action.  The questions do not suggest a finding on any issue of law and Appellants have not pointed out any finding of law that they believe is incorrect and controlling.  In fact, Judge Cox and Appellants appeared to agree on their interpretations of the law multiple times throughout oral arguments.  Judge Cox's ruling further illustrates that there was no issue of law, as the motion to dismiss was denied because Appellants could not carry their burden of demonstrating insufficiency based on the facts of the case.

Interlocutory appeals are to be granted sparingly for exceptional circumstances where a review can materially advance the litigation.  *See In re Woltman*, No. 06-2088, 2006 U.S. Dist. LEXIS 34290, at **4-5 (C.D.Ill., May 24, 2006).  This Court stands in a far worse position than the Bankruptcy Court to consider a motion that is sensitive to the complex and contested facts of the present

case.   The Bankruptcy Court is the proper place to litigate the merits of Count II on both issues of fact and law.

## IV.   <u>CONCLUSION</u>

For the reasons stated herein, Appellants' request that this Court review an Interlocutory Order of the Bankruptcy Court is denied, and the appeal is dismissed.

**IT IS SO ORDERED.**

_____
         Harry D. Leinenweber, Judge
         United States District Court

**DATE:** 3/10/2010